PER CURIAM.
General American contends the trial court erred in finding that appellee’s decedent was covered under one of its group life policies at the time of her death. Its primary contention is that the decedent, Mrs. Stinson, was not covered at her death because she no longer met one of the eligibility requirements for coverage, i. e. she no longer worked 30 hours per week in the business insured by the policy, Fisher Hardware Company. Appellee argues that Mrs. Stinson worked no more or less in the business at the time of her death than she did when the policy was issued, that appellant’s agents were aware of Mrs. Stinson’s status from the inception of the policy, and therefore, that appellant had waived any objection to her eligibility. After a thorough review of the rather obscure record presented on the issue, we find support for appel-lee’s position and affirm.
The record reveals that Mary Harris, an agent for the company which had previously insured the business, contacted General American about insuring Fisher Hardware after her company dropped its coverage. General American sent an agent to DeFun-iak Springs to write the coverage and a conversation took place between its agent, Mary Harris, and appellee, the President of the company. Mary Harris’ deposition testimony about the conversation was as follows:
We were discussing, [whether Mrs. Stinson was eligible] . . . and I sat there until I found out he [the agent] thought he could cover them, the eligibility requirements, and although she was a stockholder and didn’t spend all of her time in the thirty hours a week, which is usually required in the office actually doing work in the store he agreed that she was active. I told him that she . . was considered an employee at that time and she was considered eligible at that time.
Q. Yes ma’am. You understood then at the time that the policy was secured, her capacity as an employee of the store. A. That’s right. He called me and asked me, he called me telephone and said, ‘What do you think about the mother’ and I said — the representative said that he could cover her, that she was eligible and that’s the last I had to do with it.”
*786 We believe this testimony supplies adequate proof that appellant’s agent, as well as Mary Harris, the apparent agent, had sufficient notice of Mrs. Stinson’s status as an employee of Fisher Hardware before it issued the policy to support the result reached by the trial court here. The judgment is therefore AFFIRMED.
McCORD, C. J., and ERVIN and MELVIN, JJ., concur.